Good morning. How are you? Could be better. Apologize for what happened, but it happened. No problem. Okay. I'd like to reserve three minutes, if I can. Keep your eye on the clock. This case is governed by Oregon law. That's clear from the policy, and it's clear from the statements of the parties. First, I want to note that ORS 743-429 defines proof of loss, and proof of loss must be furnished to an insurer at its office in case of a claim for loss of which the province provides any periodic payment contingent upon continuing loss within 90 days after such loss. And that was not in the policy that defendants offered, but should have been. Also, Oregon takes a very pragmatic and functional approach to the definition of proof of loss. Parks v. Farmer is the case that does that, and pages 35-37 in our opening brief goes through that. Mutual of Omaha paid Ms. Raynor until December 2010, and Mutual of Omaha gave Ms. Raynor until June 4, 2011, to appeal to submit material to support a claim which is essentially a proof of loss. Three years would run from June 2014. I mean, that's a weasel word, essentially. I mean, that's sort of the key here, isn't it? Is that a proof of loss? I mean, this is an appeal. Appeal doesn't sound to me like proof of loss. It sounds to me like you've presented whatever you're going to present, you got a decision, and now you're going to appeal the decision. It doesn't sound to me like an invitation to provide more evidence. Yeah, I appreciate that, Your Honor. The type of information that is asked for is the same type of information that would be proof of loss. There's no difference in the type of information being provided. They just didn't find what we submitted originally enough, so they asked us again for more information and more information. And the statute says it runs from when proof of loss is requested. So what is it that you view as the request? There's several of them. There is the letters that they sent. 10-17-2011 at ER 157 requested more information and records from Schoonmaker by November 24th, 2011. February 8th, 2012, ER 157. That's 157? That's 157. And then 156, there was more request for more information from Dr. Lu by February 22, 2012. On May 3rd, 2012, at ER 148 to 155. So when is the last one of these that you consider to be the triggering event for the running of the statute? February 22, 2012. That was the last deadline for supplementing the appeal. No, that was the last request for information that they offered us.  That's ER 156. And that was your position in front of the district court, correct? Correct. 156, for me, is dated February 8th. But the letter gives us until February 22nd to submit information. You know, I have to say I'm less sympathetic to this argument than to the argument that the period from which the statute starts to run is that defined by the Oregon statute rather than the policy. Would you like to make that argument? Yes. The Oregon statute really is pretty clear, and it says proof of loss must be furnished to insure for any contingent payment, so it applies. Oregon takes a pragmatic and functional approach, which is important, and it has to be liberally construed. Mutual of Omaha paid Ms. Rainer until December 2010. Well, what I'm interested in in particular is the language that's in 743.429 that says after the termination of the period for which the insured is liable. So my question is, what is the period for which the insured is liable, and when does that termination take place? There are a variety of ways to interpret that. I'm sure Your Honor is aware of that. You can interpret it from each month, 90 days, or you can look at the period being the entire period for which the insurer would be liable if it was found that the person was disabled. Yeah, and there's a fair amount of case law from other jurisdictions. Correct. And that seems to say that the period for which the insured, excuse me, for which the insurer is liable is the period of disability. Correct. And so long as the person is disabled within the meaning of the policy, we have not reached the termination period. Correct. And has Oregon State Court given us any interpretation on that point? I believe there is a case on that. I have not found one. Maybe there is one. Well, actually there isn't. There's Kansas, Louisiana, a number of other states have done it, and Oregon is silent on that. Would it be worth certifying to the Oregon Supreme Court this question? I would rather have it get done here, but if not, yeah. That's usually the case. If you're going to win, you want to win now. You don't want to hazard on what somebody else might say. Well, I've got to be straight with you. Yeah, of course. But you might not win here. I know. But under that analysis, we don't know whether she's still disabled or not, correct? Well, that's a question, in fact, that remains. There was no finding. There's been no finding other than the earlier insurance company finding, right? Well, Social Security found her disabled, unable to do anything in the national economy, which is a stricter definition than what Mutual of Omaha has in their policy. So one could argue that she has been found that by at least another tribunal. It's not binding on Mutual of Omaha. No, it's not. But you were asking me whether there was any finding there, and that's the finding that exists. Mutual of Omaha, of course, has denied the claim. Is there any concern or should there be a concern that when you have a proof of loss that is related to the period of disability, as Oregon law seems to suggest, that you never really have finality if the person continues to be disabled and you never have this finality for an insurer who decides that someone is not disabled under their policy? That's the decision that the Oregon state made with respect to these types of claims. So if it's a problem, the legislature could correct it? If they wanted to, yes. Okay, you've got about three minutes left. Do you want to say that? Yes. May it please the Court, my name is Michael Riley, representing the defendant. We're asking that the Court affirm the decision from below. I'd like to probably, given the limited time, focus on a couple of issues because I think the Court has asked two questions that maybe I should focus on. The first is, aren't there a lot of other cases out there that have made this proof of loss statement so long and continue until even death, perhaps? And there are those, Your Honor, but those cases actually we think are wrong, and especially when you look at what Oregon requires. Oregon requires a suit limitation provision. And the Herman case. The Oregon language in its statute looks to me like the language that's in the base of these other decisions that you say are wrong. And it may or may not be that Oregon would agree with them, but the language in the Oregon model policy, the one that shows up in the statute, is the same language that's being interpreted in these other jurisdictions. Well, I'll give you an example. The Minnesota case, Blade Law, 1977. That case, the Court actually held, you also have to prove prejudice. The Oregon cases are not going that far. In fact, in the Herman case, they asked the Court whether prejudice have to be proved. Herman said, and that Court said, no, we don't think prejudice should have to be proved here. And then it explained why. It said, and I think the Court has raised this already in the earlier discussion, without such a limitation provision, an insurer could not accurately forecast its future liabilities, set aside proper reserves, or close even ancient claim files. That's the Herman case. Although the answer to that that was given in the Delaware case is that it's going to be a very unusual situation where someone who has long-term disability insurance who claims to be disabled doesn't make a claim. You know, I'm absolutely disabled. I got this insurance policy. I'm 60 years old. I expect to live till I'm 80. And I don't bring a lawsuit? I don't make a claim? How often is that going to happen? That's the answer given. Whether it's a convincing answer, that's the answer given. Your Honor, actually, I like the answer you gave in your concurring in Wetzel. I know you would say that. Well, you said. Well, you said. I reread my concurrence in Wetzel. And I decided I was right. And I've since decided I might have been wrong. Oh, well, I thought you were brilliant in that concurrence, Your Honor. Yeah, I thought you might find that concurrence useful. And in that, you said, like, that rolling adjustment program that they were trying to advocate in the CAIDO. And you said, and they correctly said, the rolling adjustment program doesn't work, rolling accrual, rather. And that's because it would give a never-ending series of causes of action. But rolling accrual was different from what's being proposed here and we have in those other cases. Those other cases all say CAIDO was wrong. Well. But I confess that if I were to adopt the position of these other courts, I would be disagreeing with where I wrote in that concurrence. You got me on that. Well, I don't mean to get anybody here. I'm just trying to win, that's all. So let's go. I thought your position was that the Oregon Statute of Limitation doesn't apply because the policy has its own provision, which has been approved by the commissioner. So under 742.021, the statute is just not applicable. Well, I think this is. I thought that was your argument. It is. Rather than arguing what the statute means, which I was surprised that you went right to that. I like to argue from weakness first. Like a fish. No, I like to argue from weakness first. Grabbing the hook. But you're right. No, I think you're exactly right. We think, actually, if you look at their briefing, they did not argue that statute. They do cite the statute. But nowhere do you see in their brief and you look at their rule. I understand. If your view is the statute is not applicable because it's been superseded by the policy, why are you arguing, why are you engaging in this whole colloquy about what the statute means? I'm going to take every direction from the court and say I'm going to go with my best argument, and that is I think the policy that was here was approved. I think it was approved, Your Honor, and that's what the record is. In fact, we cite specifically to the record at 98 and 99 where we submitted the declaration, which showed that the policy that was at issue here was approved by Oregon. And do we know that approval by the insurance commissioner means that Oregon law that might actually forbid it? Is that a conclusive interpretation of Oregon law on the point? All we had, Your Honor, at the record was a statement that it has been approved by that Oregon commissioner. I'm trying to figure out under Oregon law what's the consequence of such approval. Does that insulate any policy from future challenges inconsistent with Oregon law? I don't know, Your Honor. Is that what 742.021 says? 021 says that if it's approved and it provides a better benefit, then that can proceed as the policy as opposed to the statute. It's not a better. It's no worse, isn't it? I'm sorry? I thought the standard was it's no worse. Yes. Not that it's better. It's no worse than. Yeah, in fact, in this case, the appellant said it looks like United of Omaha intended to provide a more favorable. So we don't dispute that. I think the policy as is and the proof of loss was appropriate. I think the statute says the policy must be not less favorable in any respect to the insured. That's the language. That is the language. That's correct. And I'm not sure. I was comparing the two, and I'm not sure I can come up with an argument that the Omaha policy is the same or perhaps more generous to an insured. It seems pretty clear it's the other way around, isn't it? Well, if you look at the proof of loss definition, and we think the proof of loss definition is very strong, they actually devote a whole section to it, making it very clear. And when you see it says, and this is the record at 278, it says we're going to send you this form. As opposed to the statute, the proof of loss isn't as defined. I actually think this policy is very, very good. It's not in the definition section. It's in its own whole section. And this is why I think Judge Layton was right because there was a form. It says you should request a form. We will send you a form. And then if you don't get that form within 15 days, it actually says specifically what is the information you should provide us. But there's no dispute here. They got the form within the 15 days. And then it says you should send the form within 90 days after the elimination period. So that's pretty exact. Now. But that's what your policy says. That's right. And the question is whether or not that is less or more favorable from what the statute provides. And if the statute provides, as these other courts have concluded, your policy is less favorable. Your Honor, that was not argued down below. That was just not argued. We haven't fully even. I mean, the district judge order responds to the argument. But there was no argument, Your Honor. Really. Why is the district judge talking about it? Well, because I think coming back to Judge Kaczynski's comment, he also accepted the fact that under the statute, and the evidence was undisputed, this policy had been approved by Oregon. And so if there is no fact there that disputes it, they didn't dispute it either. This is all a new issue that's before this Court. I just want to turn briefly to my last point, which is what did they ask? So remember now, they paid him for two years. And then they're looking to see whether he should get any gainful employment. And the biggest deal here is it's not really continuing payments at that point. If he doesn't submit this information, his pay should stop on June 3 of 10. So in February, they sent a whole bunch of information. All these forms were a medical release form. That's record at 206. An updated training work experience form. A doctor's supplementary report. A physical capacities checklist form. A health questionnaire form. All of this comes back to what that policy said is for the proof of loss now, for this next period where you should get pay, you're going to have to fill out this information. So we do think that the information was very clear, and that Judge Layton correctly ruled that by June 3 of 2010, that's when the proof of loss information needed to be there to make the assessment now of whether he gets continued benefits. But isn't there a problem, though, because, you know, you're going through the appeal process and you're asking the insured for more information and more information, and then all of a sudden your three-year period is gone and you lose your right to file a lawsuit to challenge the decision. Isn't that a concern? Two responses, Your Honor. First, it wasn't required information, and that's the key word that's in there. Was it required? It wasn't. The appeal wasn't required. And even the letter that he just referenced, if you look at record at 156, here's what it says. It says, you can provide us more information. We'd like to see more information. If we don't get more information within 14 days, we're going to proceed with the appeal. There's nothing that says anything there was required, but they were trying to give them an opportunity to provide more comment and more additional data that might be useful in the appeal, but it certainly was not required. I see two questions of law as to which I'm not entirely sure what Oregon law is. Number one is, and you've made, it seems to me, a perfectly plausible argument, that if the insurance commissioner approves the policy, that's the end of it. On the other hand, the second question is, if that's not the end of it, that is to say the insurance commissioner's approval of the policy nonetheless leaves the policy open for challenge, if it's not, whatever is in double negatives, less favorable to, whether or not the Oregon statute is more favorable than your policy. Would you object to our certifying those two questions to the Oregon Supreme Court?  Your Honor, and frankly, I don't think this record is developed well enough to even tee that issue up. Those are just straightforward questions of law. Well, they are, but yes, they are, Your Honor. Why don't you trip to Eugene for you? I'm sorry? Where does the Supreme Court meet, Oregon Supreme Court? Salem? Salem. Salem, well, beautiful Salem. Shalom. Yes, yes. Thank you. Okay. Okay, I think you have a little time left. What do you think, trip to Salem? Well, if you're not going to rule in our favor, I'd rather go to Salem. This is a question that's a little bit off to one side. This is a question of Oregon law, and we're litigating this in Washington State. Why? Good question. We filed this suit. We filed it. I'm asking you, why did you file in Washington? Because I didn't want to go to Oregon. I live in Seattle, so we filed it here and it worked, almost. Okay. You know, I'm going to trip to Oregon anyway. Okay. Okay. There are several different times at which proof of loss can happen. You have the June 4, 2011, denial letter. That gives 180 days after that denial letter. You have February 22, 2012, the last deadline Omaha gave Rainer for providing additional documentation of the claims cost. And April 3, 90 days after termination of the first monthly benefit that was denied. Even using April 3, 2011, add three years, we're still good because we filed it in March. And those are the three choices, I think, that exist under the existing law. The other thing I want to say in the limited time I have left is Oregon has strong protections for consumers, insurance consumers, and they have it statutorily, and they say that there should be liberal construction of their rules and regulations to protect the insurance public, and they have strong reasons for that. Judge Layton ruled on the argument relative to the Oregon law. I think he just found that it wouldn't make a difference in this case, even if he did graft the Oregon provision into the insurance policy. You made the argument before him, didn't you, on Oregon law? Yes. He didn't get it because the other can't agree with you. Well, he didn't agree, but I also think he didn't get it because the Oregon law provides that you have 90 days after the time to bring your to submit your claim, and it's unclear and it is an open question whether it's the whole liability period or whether it's the shorter periods. But the statute runs from either of the three dates that I set out according to Oregon law. Okay. Thank you. Thank you.
judges: Kozinski, W. Fletcher, Tunheim